Tajinder **SINGH**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–72027.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Earle B. Wilson, Esq., Leslie McKay, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Tajinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") opinion which affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA conducted a *de novo* review of the record and made an independent determination of whether relief is appropriate, this court reviews the decision of the BIA. *See Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001). We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042–43 (9th Cir. 2001), and we grant the petition for review.

The BIA's single adverse credibility finding relied upon improper speculation and improperly used the evidence of country conditions to discredit the specific instances of persecution that Singh experienced. *See Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir.2000). Accordingly, the BIA's adverse credibility determination is not supported by substantial evidence. *See Bandari v. INS*, 227 F.3d 1160, 1165–66 (9th Cir.2000).

We grant the petition and remand for further proceedings to determine whether, accepting Singh's testimony as credible, he is eligible for asylum, withholding of removal, and CAT relief. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.